**Michele C. RUNDGREN,
Plaintiff–Appellant,**

v.

**BANK OF NEW YORK MELLON
CORP., a New York corporation;
Countrywide Home Loans, Inc., a Cal-
ifornia corporation, by merger now
Bank of America; Bank of america, a
California corporation; Mortgage
Electronic Registration Systems, Inc.,
a Delaware corporation, Defendants–
Appellees.**

No. 13–16417.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2016.*

Filed Feb. 24, 2016.

Gary Victor Dubin, Esquire, Senior, Du-
bin Law Offices, Frederick John Arens-
meyer, Esquire, Law Office of Frederick
Arensmeyer, Honolulu, HI, for Plaintiff–
Appellant.

John Duchemin, Amanda Marie Jones,
Patricia Jane Mchenry, Esquire, Cades
Schutte LLP, Honolulu, HI, for Defen-
dants–Appellees.

Before: GRABER, BYBEE, and
CHRISTEN, Circuit Judges.

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Appellant Michele Rundgren ("Rund-
gren") appeals district court orders grant-
ing Bank of New York Mellon's ("BONY")
motion to dismiss, granting BONY, Coun-
trywide Home Loans, Inc., and Bank of
America Corp.'s (collectively, "Defen-
dants") motion for summary judgment,
and denying her additional time to conduct
discovery. We have jurisdiction under 28
U.S.C. § 1291, and we affirm.

1. The district court properly dis-
missed Rundgren's wrongful foreclosure
claims. Haw.Rev.Stat. § 667–5.7 (as codi-
fied in 2010) explains that "the successful
bidder at the public [foreclosure] sale ...
shall not be required to make a downpay-
ment to the foreclosing mortgagee of more
than ten per cent of the highest successful
bid price." The parties do not contest that
BONY complied with that requirement.
Because § 667–5.7 is silent as to when the
mortgagee may demand payment of the
full balance of the winning foreclosure sale
bid, BONY did not violate the statute by
requiring full payment within twenty-one
days of the sale.

Similarly, BONY's published notices of
the foreclosure sale complied with Haw.
Rev. Stats. §§ 667–5, –7 (as codified in
2010). BONY did not violate these provi-
sions by referring prospective bidders to
additional information posted on an Inter-
net website.

2. The district court properly granted
summary judgment to Defendants as to
Rundgren's fraud claim pleaded under
Haw.Rev.Stat. Ch. 480. Assuming without
deciding that fraudulent concealment could
serve to equitably toll Chapter 480's four-

---

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

year statute of limitations, *see* Haw.Rev. Stat. § 480–24, Rundgren has not shown that Defendants actively concealed the material elements of her claim or prevented her from discovering her claim following a duly diligent inquiry, *see Au v. Au*, 63 Haw. 210, 626 P.2d 173, 178 (1981); *see also Conmar Corp. v. Mitsui & Co. (USA)*, 858 F.2d 499, 502 (9th Cir.1988). Accordingly, Rundgren's 2010 action—brought more than five years after the accrual of her Chapter 480 claim—is time-barred as to that claim.

The district court did not abuse its discretion by denying Rundgren's request for additional time to conduct discovery. Rundgren has not "show[n] by affidavit or declaration" that she was unable to "present facts essential to justify" her opposition to Defendants' motion for summary judgment. Fed.R.Civ.P. 56(d); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006) (explaining that a "party requesting a continuance" must identify the "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.